IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16 cr 39-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| DANIELLE DEVONNA JONES. | ) | |
| | ) | |

**THIS MATTER** is before the undersigned pursuant to pro se communications made by Defendant (#23) and (#26) in which Defendant requests substitute counsel be appointed to represent her in place and stead of her present court appointed counsel, Robert E. Nunley. Upon the call of this matter on for hearing it appeared that Defendant was present, her counsel Robert Nunley was present, and the Government was present through AUSA Richard Edwards. From the statements of Defendant and Mr. Nunley and the records in this cause, the undersigned makes the following findings.

**Findings.** At the beginning of this proceeding, the undersigned made an inquiry to determine whether or not, if during the hearing of the motions, confidential communications between the Defendant and Mr. Nunley could be disclosed. Mr. Nunley informed the Court that such could be the case. As a result, the undersigned then conducted a sealed proceeding as shall appear of record in

1

which the undersigned conducted a detailed examination and discussion with the Defendant and Mr. Nunley. The content of that proceeding may be disclosed to any reviewing court.

Upon inquiry, the Court found that this matter is set for trial for the week of August 1, 2016 before United States District Judge Max O. Cogburn. Defendant was indicted on May 5, 2016 and her initial appearance hearing on this matter was on May 2, 2016 and Mr. Nunley was appointed by order of the Court and appeared for Defendant's arraignment hearing on May 4, 2016.

**Discussion.** An indigent Defendant has no right to have a particular lawyer represent him or her and can demand a different appointed attorney only with good cause. US v. Allen, 789 F.2d 90, 92 (1st Cir. 1986). The determination of whether or not a motion for substitution of counsel should be granted is within the discretion of the trial court and the Court is entitled to take into account the countervailing state interest in proceeding on schedule. Morris v. Slappy, 461 U.S. 1 (1983). In considering the motions herein, the undersigned has considered the following factors: (1) timeliness of the motion; (2) made an inquiry as to the reasons why the Defendant does not wish for Mr. Nunley to represent her further; and (3) attempted to determine whether or not there is such a conflict between the Defendant and Mr. Nunley that is so great it has resulted in a total lack of communication preventing an

adequate defense.  United States v. Gallop, 838 F.2d 105 (4th Cir. 1988).

The motions of Defendant have come at what appears to be by this Court at an early stage in the proceedings.  The trial of this matter is scheduled for the week of August 1, 2016 and thus there is time for substitute counsel to be appointed and be prepared to represent Defendant.  This factor will be weighed by the Court in favor of granting the motions.

The undersigned made an inquiry as to the reasons for the conflict between the Defendant and Mr. Nunley.  That inquiry shall appear in the sealed proceeding.  The undersigned is of the opinion that Mr. Nunley has been performing his job of representing the Defendant in an exemplary and admirable fashion and is to be commended for all the work he has done upon Defendant's case.  The source of conflict between the Defendant and Mr. Nunley is that of the Defendant and the Defendant alone.

The undersigned has further examined the matter to determine whether or not the conflict between the Defendant and Mr. Nunley is such that there is a lack of communication between them preventing an adequate defense. The lack of communication, as stated above, is caused by the acts of the Defendant and the Defendant alone.  However, the undersigned finds that as the result of the Defendant's position in regard to the defense of this case, there is a conflict between

the Defendant and Mr. Nunley and that substitute counsel should be appointed.

After considering all of the above referenced factors, it appears there is sufficient time before trial within which to appoint other counsel and as the result of the inquiry made of the Defendant the undersigned finds that based upon the position of the Defendant in this case, there is a lack of communication caused by the Defendant that could prevent an adequate defense. As a result, the undersigned will enter an order allowing the motions to substitute counsel of the Defendant.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the motions (#23) AND (#26) of the Defendant, which the Court has considered as motions to substitute counsel, are **ALLOWED.** It is further **ORDERED** that the Federal Defenders of Western North Carolina is directed to appoint substitute counsel to represent Defendant in this matter. Mr. Nunley is allowed to withdraw as counsel for the Defendant and is commended by this Court for his efforts on behalf of the Defendant. Mr. Nunley is hereby directed to substitute counsel with all discovery and any other materials that he has obtained in regard to his representation of the Defendant.

Signed: June 14, 2016

*[signature]*

Dennis L. Howell
United States Magistrate Judge