UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:16-cr-00039-MOC-DLH

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **DANIELLE DEVONNA JONES,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's pro se Motion for Speedy Trial (#58), which the court deems to be a Motion to Dismiss Based on a Speedy Trial Violation, and defendant's pro se Motion to Suppress (#59). As defendant is now representing herself, the court has considered such the substance of these motions.

First, the court has closely reviewed defendant's Motion to Dismiss Based on Speedy Trial Violation. For cause, defendant states that she did not agree with her previous two attorneys' decisions to move to continue her case. In sum, she argues that the earlier continuances violated her right to a Speedy Trial under the Sixth Amendment and the Speedy Trial Act. Such claim is, however, without legal merit as 18 U.S.C. § 3161(h)(7)(A), a provision of the Speedy Trial Act, expressly authorizes either the defendant, the defendant's counsel, or the government's attorney to request a continuance. See Velarde v. United States, 2009 WL 485164, at *2 (D. Utah Feb. 25, 2009). Further, review of each Order (#s 25 & 39) continuing this case reveals that appropriate reasons under the Speedy Trial Act were cited and that there has not been a violation of either Constitutional or statutory speedy trial. The Motion to Dismiss is denied.

Second, as to the Motion to Suppress, defendant alleges that the stop of the vehicle in which she was a passenger was unlawful and that her co-defendant never lawfully consented to the search as such was allegedly coerced at gunpoint. She also alleges that she was unlawfully detained for three hours. Defendant provides a number of other arguments in support of her Fourth Amendment challenge to the search. Such motion will require a response from the government.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Speedy Trial (#58), which the court deems to be a Motion to Dismiss Based on a Speedy Trial Violation, is DENIED, and the government shall file a response to defendant's pro se Motion to Suppress (#59).

Signed: September 20, 2016



Max O. Cogburn Jr.
United States District Judge