UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:16-cr-00039-MOC-DLH

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **DANIELLE DEVONNA JONES,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Motion for Severance (#75). In response, the government has stated that it has objections for severance from co-defendant Olivette Samuels but does not object to severance from co-defendant Danny Roney. After reviewing the pleadings, the court enters the following Order.

**(A) Severance With Regard to Olivette Samuels**

Motions to sever are governed by Rules 8 and 14 of the Federal Rules of Criminal Procedure, and a two-step analysis is necessary. See 8 Moore's Federal Practice, ¶ 13.03[2] at 13–9 (Matthew Bender). The first step is to determine whether the defendants were initially joined by the Grand Jury in accordance with Rule 8. If they are deemed properly joined, the analysis proceeds to the second step, which requires a determination of whether such joinder, while satisfying Rule 8, is nevertheless unfairly prejudicial under Rule 14 when weighed against judicial efficiency.

The first inquiry concerns the Grand Jury's joinder of these defendants in one indictment. Rule 8(a) provides:

> (b) Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The

defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed.R.Crim.P. 8(b). Thus, joinder of defendants is appropriate where the defendants are alleged to have participated in the same act or transaction constituting an offense or offenses against the United States. Id. In Cataneo v. United States, 167 F.2d 820, 822 (4th Cir. 1948), the Court of Appeals for the Fourth Circuit explained the term "transaction":

> This is not a technical term, nor is it a word of art. It has been variously defined and applied in numerous cases arising under the old Federal Equity Rules and in Code Pleading in connection with the joinder of causes of action and the permissibility of interposing counterclaims. Oft-quoted is the remark (under Equity Rule 30) of Mr. Justice Sutherland, in Moore v. New York Cotton Exchange, 270 U.S. 593, 610 [1926] ... " 'Transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship."

Id. at 823. In more recent cases, appellate courts have held that joinder is proper where common activity constitutes a substantial portion of the proof. United States v. Roselli, 432 F.2d 879 (9th Cir.1970), *cert. denied*, 401 U.S. 924 (1971). Here, it appears on the face of the Superseding Indictment (#69) that the defendants have been charged together based on allegedly unlawful common activity.

The second step requires weighing alleged prejudice against judicial economy. Even where Rule 8 joinder is proper, allegations that joinder of defendants will prejudice the defendant by preventing a fair trial must be weighed against the court's interest in judicial economy. Rule 14 provides, as follows:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed.R.Crim.P. 14. The issue under Rule 14 is whether prejudice due to joinder would likely infringe a defendant's sixth amendment right to a fair trial. United States v. Boffa, 513 F.Supp. 444 (D.Del. 1980).

In order to warrant severance, the moving defendant must satisfy the burden of showing prejudice which will interfere with such defendant's constitutional right to a fair trial. 8 Moore's Federal Practice, at ¶ 14.02[1], 14–5, 6, *citing* United States v. LaRouche, 896 F.2d 815 (4th Cir.1990). Conclusory allegations that a defendant will be unduly prejudiced will not suffice; the burden is on the defendant to show that joinder will *probably* result in undue prejudice meriting severance. United States v. De La Cruz Bellinger, 422 F.2d 723 (9th Cir.), *cert. denied*, 398 U.S. 942 (1970); *cf.* United States v. McClure, 734 F.2d 484 (10th Cir.1984).

If defendant makes such an initial showing, the court must balance such concerns with the court's interest in "speed, efficiency and convenience in the functioning of the federal judicial machinery...." Cataneo v. United States, *supra*. Each of the three defendants were charged in three counts in the Superseding Indictment (#69). The fourth count is only for co-defendant Samuels and amounts to a charge of a felon in possession of a firearm.

In determining the extent of any alleged prejudice, the court considers whether, under all the circumstances, it is within the capacity of the jury to follow the court's instructions to keep separate the relevant evidence. United States v. Diaz–Munoz, 632 F.2d 1330 (5th Cir. 1980). Defendant cannot, however, satisfy her burden of showing that she would probably be prejudiced. United States v. De La Cruz Bellinger, *supra*.

Defendant has put forward three grounds for severance in her Motion (#75).

First, she alleges a potential Bruton problem that she could not cross-examine her co-defendant based on his right to avoid self-incrimination. See Bruton v. United States, 391 U.S. 123

(1968). The government has acknowledged the potential <u>Bruton</u> problem and noted that it "is easily avoided." The government has noted that it will "not seek to introduce Samuel's statement unless Samuels himself testifies at trial."

Second, defendant alleges that she and co-defendant Samuels would have defenses so inconsistent as to require severance. Generally, defendants charged with participation in the same conspiracy should be tried together. <u>See, e.g., United States v. Akinkoye</u>, 185 F.3d 192, 197 (4th Cir. 1999); <u>United States v. Spitler</u>, 800 F.2d 1267, 1271 (4th Cir. 1986). This courts finds that the differences between the co-defendants' defenses would not rise to the level of a "stark contrast," which would present the jury with the choice to believe one co-defendant's defense they must disbelieve the core of another co-defendant's defense. <u>See</u> <u>United States v. Najaar</u>, 300 F.3d 466, 474 (4th Cir. 2002).

Third, the defendant alleges her co-defendants' criminal histories may lead the jury to be biased against her. Under the Federal Rules of Evidence, criminal histories of the defendants are generally withheld from the jury. As noted by the government, an exception is made for the impeachment of a witness. In addition, one element of Count Four, the felon in possession of a firearm charge, is that Mr. Samuels has a criminal history. The facts and details of that conviction would not be presented to the jury. The bias is not so severe as to warrant severance.

Accordingly, severance will not be granted with regard to co-defendant Olivette Samuels.

**(B) Severance With Regard to Danny Roney**

The court will also not grant severance with regard to co-defendant Roney based on the needs of judicial economy. Co-defendant Roney has been ordered to undergo a mental examination to determine competence. The government has claimed that this examination may impede the speed at which the other co-defendants could be heard on the charges pending. While the

government's objection labeled the period of delay as "somewhat open-ended," Gov. Opp., p. 12-13 (#82), such delay is subject to a limited number of days. As the government acknowledged, the Speedy Trial Act, 18 U.S.C. § 3161(h)(3)(A), permits the tolling of time while a co-defendant is absent or unavailable. Gov. Opp., p. 12-13 (#82).

Pursuant to the Speedy Trial Act, the time that as co-defendant is absent or unavailable while he undergoes a mental examination, will be tolled as circumstances warrant. Accordingly, severance will not be granted regarding co-defendant Roney. Given the numerous law enforcement and civilian witnesses in this matter, judicial economy is furthered by holding one trial rather than two.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Severance (#75) is **DENIED** with regard to both co-defendants.

Signed: November 14, 2016

Max O. Cogburn Jr.
United States District Judge