UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:16-cr-00039-MOC-DLH

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) | |
| v. | ) ) | **ORDER** |
| DANIELLE DEVONNA JONES, | ) ) ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Motion to Suppress (#59). This Motion has been fully briefed and a hearing was held on November 9, 2016. At the hearing, the court heard testimony from multiple police officers, took into evidence authenticated audio and visual exhibits, and considered the testimony of the pro se defendant. Having considered the motion and reviewed the pleadings, the court enters the following Order.

I.     **Background**

The Buncombe County Sheriff's Department received reports on January 13, 2016 of a robbery involving the discharge of a firearm inside a Dollar General Store at 994 Charlotte Highway. Witnesses reported seeing the gunman steal approximately $2,300 in currency and leave the scene in a dark four-door sedan, possibly a Pontiac.

At the suppression hearing, a patrol officer testified about the radio dispatch report. This patrol officer saw a vehicle matching the reported description of the vehicle. The officer identified that there were three individuals in the car. He put on his "alley-lights" to effect a stop. The car did not stop. He then followed the car to a residential cul-de-sac.

1

When the vehicle was stopped, the officer ordered the three individuals out of the car. The passenger in the backseat fled the scene. He was eventually apprehended after a search of the nearby area. The driver—identified as defendant Jones—and the front-seat passenger were handcuffed and secured in the backseat of the patrol car.

Police officers at the scene found a handgun in the front seat of the car. Detective Jordan testified that after the arrest, he was taking pictures of the stopped car. In these pictures, he saw a handgun on the floorboard under the passenger seat. The car was impounded.

While the car was impounded, officers obtained a warrant to search the car. When officers executed the warrant, *inter alia,* they found a set of scales and baggies and the defendant's purse. Within the defendant's purse, they found a motel receipt, additional scales, and a motel note-pad with the handwritten name and address of the Dollar General store, among other items.

## II. Defendant's Motion

Defendant's Motion makes four allegations that law enforcement violated her Fourth Amendment rights. One issue was resolved prior to the hearing. The defendant claims that police concealed or withheld evidence. Magistrate Judge Howell held a hearing related to defendant's Motions for Discovery and to Compel (#76, #77) on November 2, 2016. He has also issued Orders related to these Motions. The government stipulated that the pro se defendant was provided the full record in this case.

The issues before the court include whether the police had reasonable suspicion to stop the vehicle and whether the defendant was detained unreasonably. In addition, the defendant claims—and the government stipulates—that the defendant did not consent to the search.

A.  Discussion

The Fourth Amendment protects individuals from unreasonable searches and seizures. One of the well-established exceptions to the Fourth Amendment's prohibition on warrantless stops and seizures is the so-called "automobile exception." See, e.g. Pennsylvania v. Labron, 518 U.S. 938 940 (1996) (per curiam); United States v. Sokolow, 490 U.S. 1 (1989). Under this rule, police may stop a vehicle when law enforcement has a reasonable suspicion supported by articulable facts that criminal activity may be occurring. Id. at 8. In this case, 9-1-1 callers identified that a man seen to be firing a gun entered a Pontiac vehicle. Within five minutes, a patrol car saw a car matching the description given in the 9-1-1 calls. That car began making quick turns. The car was stopped in a residential cul-de-sac. When stopped, one of the car's occupants fled the scene. Such action more than meets the standard for reasonable suspicion.

The patrol officer testified that he effected a "felony stop." According to the officer's testimony, this type of stop was used as the car's passengers might have been armed given the dispatch reports. The car matched descriptions of a getaway vehicle used at the scene of a firearm's discharge in a Dollar General store. To protect the officer's safety, law enforcement was justified to briefly detain the vehicle's occupants by drawing weapons or placing suspects in a patrol car. See United States v. Elston, 479 F.3d 314, 320 (4th Cir. 2007).

The automobile exception allows police officers to search a vehicle and its contents for evidence of contraband provided they have probable cause to do so. See Labron, 518 U.S. at 940. Police officers armed with probable cause may search all parts of the vehicle and its contents that "may conceal the object of the search." United States v. Ross, 456 U.S. 798, 825 (1982). Here, the deputies were able to see that a pistol was in plain view of the passenger area of the car. They also saw that the car matched the description the 9-1-1 callers had given. Further, they noted that

3

one of the passengers met the description of the man who had discharged the firearm. That man had fled the scene. This amounted to probable cause that contraband, particularly the gun that was fired and the items taken from the Dollar General store, may be present in the car.

The court notes the pro se defendant's contention that the police did not need to open the car's trunk while the car was stopped. The testifying officers asserted that the trunk was opened to see whether any additional individuals were hiding in the trunk. In the interest of officer safety, the court finds this was a reasonable part of the search.

Moreover, the car was impounded and a more thorough search of the car was effected after police obtained a warrant. In order to effect a more thorough search of the vehicle, the officers obtained a warrant to search the car after it was secured and towed to a secured lot. This warrant provided law enforcement the ability to more fully search the vehicle for evidence related to the defendant's involvement in one or more potential criminal activities.

Accordingly, the police had ample reason to effect the stop. The original stop was reasonable. The situation was exacerbated by the backseat passenger's escape and the car's initial delay to stop. The evidence may not be suppressed on those grounds.

The defendant's second contention that she was detained unreasonably. Defendant claimed that she was detained for an extended period of time in the patrol car and the police station. Her testimony claimed that she was at the scene for 45 minutes and she was taken to the station—still handcuffed—for another 90 minutes. Given that one of the car's passengers had fled and the police needed to effect a search for the purported gunman, the defendant-driver's detention was not unreasonably long. The police required a reasonable length of time to investigate the scene and process the multiple co-defendants in the case, especially with the violent nature of the suspected criminal activity.

The defendant's third contention was that she withheld consent for the search. Under the applicable and well-established warrantless search exceptions to the Fourth Amendment's protections, defendant's consent to the search was not necessary. Accordingly, the lack of consent will not lead to the suppression of the resulting evidence at trial.

B.  **Conclusion**

The officers responding to the 9-1-1 calls had reasonable suspicion to effect the stop. The defendant was not detained unreasonably, especially given the nature of the suspected criminal activity and the need to effect a man-hunt for the fleeing backseat passenger. The lack of defendant's consent is not fatal to the search. Consent of criminal suspects is not an essential element of the applicable Fourth Amendment exception involved in this search and seizure. The court also notes that police officers obtained a warrant to conduct a more thorough search of the car and its contents while the car was impounded.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Suppress (#59) is **DENIED.**

Signed: November 18, 2016

Max O. Cogburn Jr
United States District Judge