UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:16-cr-00039-MOC-DLH

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| **DANIELLE DEVONNA JONES,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant Jones' pro se Motion to Suppress Evidence (#154). The court has reviewed the Motion's accompanying Brief (#155) and the government's opposition to the Motion (#156). The court previously held a hearing on a prior Motion to Suppress (#59) in November 2016, and issued an Order (#95) thereto. Having considered the Motion and reviewed the pleadings, the court enters the following Order.

The court incorporates the background of the case as described in its prior Order (#95). The court's previous Order related to the plaintiff's allegations that her Fourth Amendment rights were violated by the unreasonable detention of her person and the unreasonable search of the vehicle. (#95) at 2. The instant Motion (#154) makes the same claims that there were "no circumstances justifying or authorizing the search and seizure." (#154) at 1.

The instant Motion (#154) largely dovetails with the defendant's prior arguments, which are the subject of the court's prior ruling. The pro se defendant also makes several

1

arguments—including alleged contradictory statements or the lack of a chain of custody—that would cut against the credibility of the evidence, not its admissibility. See id. at 3.

The Motion (#154) also argues that the statements of her co-defendant should be suppressed under the Fourth Amendment. She argues that these statements were "coerced" and induced "by threats and promises and actions of detectives." Id. at 3. The protections of the Fourth Amendment are personal and cannot be vicariously asserted. See United States v. Salvucci, 448 U.S. 83, 87 (1980) ("it is proper to permit only defendants whose Fourth Amendment rights have been violated to benefit from the [exclusionary] rule's protections.") (citation omitted). The Supreme Court has repeatedly disallowed the vicarious assertion of another's Fourth Amendment protections. Id. at 86 ("Subsequent attempts to vicariously assert violations of the Fourth Amendment rights of others have been repeatedly rejected by this Court.") (citations omitted). Accordingly, this pro se defendant has no standing to challenge the alleged violation of *another defendant*'s Fourth Amendment rights.

## ORDER

**IT IS, THEREFORE, ORDERED** that the defendant's Motion to Suppress (#154) is **DENIED** for the reasons stated above.

Signed: March 17, 2017



Max O. Cogburn Jr
United States District Judge