UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:16-cr-00039-MOC-DLH

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **DANIELLE DEVONNA JONES,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court after calendar call, where the government indicated it would be moving for the release of defendant pending trial. As it is likely that defendant will no longer be detained and will be capable of reviewing discovery without the assistance of standby counsel, a more detailed discovery protocol is necessary to delineate the role of standby counsel. The Court enters the following Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that standby counsel, from this point forward, is authorized to spend a maximum of fifteen hours per week in advance of trial and up to 40 hours a week during trial on this case as standby counsel. If his standby status is upgraded to that of counsel, such restrictions shall no longer apply. The duties of standby counsel are as follows:

(1) Standby counsel shall meet a maximum of twice per week with defendant in order to provide technical assistance to help defendant prepare for trial;

(2) Standby counsel shall also attend all hearings, attend each day of the trial, and be available for consultations with the accused;

(3) The term Technical Assistance includes:

    (a) informing defendant of the format of motions or other pleadings or documents;

    (b) informing defendant of technical pre-trial and trial procedure (i.e., format and phases of discovery and trials);

    (c) providing materials available on the Western District of North Carolina website, including forms accessible from the Administrative Office of the Court;

    (d) answering questions regarding non-legal technical aspects of the case; and

    (e) explaining the rules of evidence, local rules, criminal rules, and how they pertain to trial procedure.

(4) Standby counsel will not make any arguments or representations on defendant's behalf or, from this point forward, sign any pleadings or any other documents on defendant's behalf to this Court, any other court, agency or entity;

(5) Standby counsel will not under any circumstances provide any substantive legal advice of any kind or nature.

(6) The term Substantive Legal Advice includes, but is not limited to:

    (a) legal research;

    (b) drafting, preparing, reviewing, responding to or researching of any pleadings or motions whatsoever;

    (c) giving any strategic advice whatsoever;

    (d) drafting, preparing, or responding to motions in limine;

    (e) giving advice regarding the admissibility of evidence; and/or

    (f) giving advice regarding jury instructions.

(7) Standby counsel will not act as a messenger, paralegal, or administrative assistant and will not act or function as a messenger or conduit between defendant and the Court or government counsel or any other agency or entity.

Standby counsel may, at the request of the defendant, discuss with her the relative advantages and disadvantages of professional and self-representation. Standby counsel may contact the Court for procedural guidance as an officer of this Court.

Signed: April 4, 2017

Max O. Cogburn Jr.
United States District Judge