UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:16-cr-00039-MOC-DLH

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **DANIELLE DEVONNA JONES** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on the *pro se* defendant's and the government's Oral Motions to Continue. Having considered the Motions and conducted a hearing on May 30, 2017, the court enters the following Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Oral Motions to Continue are **GRANTED,** this matter is continued to the next criminal term, and the court finds the delay caused by such continuance shall be excluded as failure to grant such a continuance would deny the *pro se* defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Further, the ends of justice served by granting such continuance outweigh the best interests of the public and the defendant in a speedy trial. Further, the court finds based on the representations of the parties that the defendant is not yet prepared for trial and that the government has recently discovered and disclosed additional evidence requiring additional time. Specifically, while defendant

1

previously stated that she was ready for trial, she filed at calendar call a request for issuance of subpoenas of witnesses at government expense. As the Local Criminal Rules of this Court require such to be filed at least 14 days before trial, it is apparent that defendant is not ready to try this matter on May 30. See L.Cr.R. 17.2. This matter is continued to the August 7, 2017 term, and the time is excluded.

## ADVICE TO PRO SE DEFENDANT

1. Defendant is advised that if this matter remains for trial, the Court will try this matter during the August 7th term. She must attend calendar call on August 7th and be prepared to select a jury and try her case during that term.

2. Defendant is further advised that as her own counsel, she and she alone is responsible for proceeding in the manner provided by the Federal Rules of Criminal Procedure, the Local Criminal Rules, and, at trial, the Federal Rules of Evidence.

3. Defendant is cautioned against a strategy of delay. The defendant is advised that the court may, in its discretion, withdraw its permission for her to proceed *pro se* if it appears to the court that defendant is attempting to manipulate or disrupt the trial process. In United States v. Bush, 404 F.3d 263 (4th Cir. 2005), the Fourth Circuit held that the district court did not err in denying defendant's request to proceed *pro se* after finding defendant intended to manipulate the trial process. Id. at 271. In reaching this result, the Fourth Circuit noted that "the government's interest in ensuring the integrity and efficiency of the trial at times outweighs the defendant's interest in acting as his own lawyer." Id. (internal quotations omitted). The Fourth Circuit has held that "the right to self-representation is not to be used **as a tactic for delay**; for disruption; for distortion of the

system; or for manipulation of the trial process." United States v. Hilton, 701 F.3d 959, 965 (4th Cir. 2012) (citation and corresponding quotation marks removed) (emphasis added).

4. Defendant is also advised that while she has absolutely no burden, she is allowed to file with the court proposed jury instructions. Further, if she plans on presenting evidence, she will need to file with the court a witness list and an exhibit list, just like the government did in advance of trial in May.

5. At the hearing, defendant requested witnesses she contends are relevant to an alibi defense. To the extent she has not done so already, defendant must, in compliance with Rule 12.1, Fed. R. Crim. P., serve the government with a Notice of Alibi Defense that includes:

    a. each specific place where the defendant claims to have been at the time of the alleged offense; and

    b. the name, address, and telephone number of each alibi witness on whom the defendant intends to rely.

Such must be served not later than June 16, 2017.

6. Defendant is again encouraged to discuss activating stand-by counsel, who is an experienced and skilled advocate in this court.

Signed: May 30, 2017

Max O. Cogburn Jr
United States District Judge