# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:16-CR-39-MOC-WCM-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| DANIELLE DEVONA JONES, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** comes before the Court on Defendant's *pro se* Expedited and Emergency Motion for Relief Pursuant to 18 U.S.C. § 3553 and 3742, (Doc. No. 332).

Defendant raises a number of alleged errors in her trial and asserts her actual innocence. She asks the Court to review her sentence and grant her immediate release from custody. Defendant's Motion appears to actually seek relief in the nature of a motion to vacate pursuant to 28 U.S.C. § 2255.

Before this Court construes this action as one arising under Section 2255, Petitioner is first entitled to the notice and opportunity, pursuant to United States v. Castro, 540 U.S. 375 (2003), to state whether she intended to bring the action as one arising under Section 2255.

Should the Defendant wish to proceed under § 2255 action, the present Motion is insufficient and Defendant will be required to submit a § 2255 petition on the appropriate form, signed under penalty of perjury within **20 days** of this Order. Although Defendant is appearing *pro se*, she is required to comply with all applicable rules and procedures including this Court's Local Rules, the Federal Rules of Civil Procedure, and the Rules Governing Section 2255 Proceedings. See Rule 12, Rules Governing Section 2255 Proceedings for the United States

1

District Courts ("The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). Rule 8(a) of the Federal Rules of Civil Procedure requires pleadings to contain a "short and plain statement of the claim showing that the pleader is entitled to relief…." Fed. R. Civ. P. 8(a)(2); Rule 2(c), Rules Governing Section 2255 Proceedings for the United States District Courts (the § 2255 motion to vacate must "substantially follow … the form appended to these rules."); see generally LCvR 1.7(d) (the page limit for any civil brief is 25-pages with a 12-point font size, double-spaced). The general rule is that "an amended pleading supersedes the original pleading, rendering the original pleading of no effect. Thus, if an amended [pleading] omits claims raised in the original [pleading], the [party] has waived those omitted claims." Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001). The § 2255 petition will be subject to all applicable timeliness and procedural requirements. See generally 28 U.S.C. § 2255(f); Mayle v. Felix, 545 U.S. 644 (2005).

Petitioner's failure to comply with this Order will likely result in the denial of this Motion and a new civil § 2255 proceeding will not be commenced.

**IT IS, THEREFORE, ORDERED** that:

1. If Defendant wishes to seek relief under § 2255, she must fill out, sign under penalty of perjury, and return to the Court within **20 days** of this Order, the § 2255 form that will be provided along with this Order.

2. If Defendant takes no action within **20 days** of service of this Order, the Court will deny the present Motion and will not initiate a § 2255 case.

3. The Clerk is respectfully instructed to provide Defendant with a blank § 2255 form.

Signed: February 25, 2020

Max O. Cogburn Jr
United States District Judge