UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:16-cr-39-MOC-WCM-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **DANIELLE DEVONA JONES,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on various motions filed by pro se Defendant Daniella Devona Jones: Expedited and Emergency Motion to Review Sentence and Correct Judgment, (Doc. No. 332); Expedited and Emergency Motion to Disclose Discovery and Record, (Doc. No. 334); Motion to Move this Court to Compel the Third Party Listed to Produce Documents, (Doc. No. 335); Motion and Relief for Default Order re Motion to Modify Sentence, (Doc. No. 338); Petition for in Camera Review of Grand Jury Proceedings, (Doc. No. 339); Motion for Discovery: Disclosure and Sealed Documents, (Doc. No. 342); and Motion to Vacate Pursuant to Rule 52(b), (Doc. No. 343).

On May 1, 2018, Defendant was convicted, after a jury trial, of one count of robbery under 18 U.S.C. § 1951(a), and aiding and abetting the same, under 18 U.S.C. § 2, and one count of discharging a firearm in furtherance of a crime of violence under 18 U.S.C. § 924. On April 2, 2018, this Court sentenced Defendant to a term of four months of imprisonment as to Count One, and to a term of 120 months as to Count Two, to be served consecutively, for a total term of imprisonment of 124 months. (Doc. No. 270).

Defendant appealed, and on February 29, 2019, the Fourth Circuit Court of Appeals affirmed Defendant's conviction and sentence in an unpublished opinion. The Fourth Circuit's mandate issued on March 22, 2019.

Since the Fourth Circuit Court of Appeals affirmed Defendant's conviction, she has filed various motions that are now pending before this Court. For instance, on February 6, 2020, she filed an "Expedited and Emergency Motion to Review Sentence and Correct Judgment." In response to that motion, this Court advised her, through an Order dated February 25, 2020, that she had the right to clarify whether she intended that motion to be a motion to vacate under 28 U.S.C. § 2255. (Doc. No. 336). In response to the Court's order, Defendant sought an extension of time in which to file her Section 2255 action, which this Court has denied. (Doc. No. 341). Defendant has not filed a Section 2255 motion as of the deadline given by the Court. Instead, she has filed numerous pending motions, which include motions seeking discovery, a motion seeking in camera review of grand jury proceedings, and others, including a "motion to vacate" filed pursuant to Rule 52(b) of the Federal Rules of Criminal Procedure.

Defendant's motions are all denied. First, to the extent that Petitioner seeks to vacate, set aside, or correct her sentence to correct errors that occurred at or before sentencing, the proper procedural vehicle to do that is by filing a motion to vacate, correct, or set aside judgment under 28 U.S.C. § 2255. Furthermore, to the extent Defendant seeks copies of transcripts or documents at the government's expense before filing such Section 2255, she is not entitled to such documents. An indigent defendant may be entitled to transcripts at the government's expense if the defendant states a proper ground for relief and if the transcripts are indispensable. United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963). An indigent defendant is not entitled to a transcript at government expense in order to "merely [] comb the record in the hope of

discovering some flaw." Glass, 317 F.2d at 202. Here, defendant's justification for receiving the requested documents at government expense is to file a motion for post-conviction relief, which is insufficient. United States v. Bracamontes, No. 7:10-CR-30-1F, 2012 WL 1318245, at *1 (E.D.N.C. Apr. 16, 2012) ("Copies of transcripts may be provided for actions brought under § 2255, but the filing of such action is a precondition to the criminal defendant's request for free transcripts being entertained by the court."). See also 28 U.S.C. § 753(f) (stating that the government shall pay the fee for transcript where action under § 2255 has been certified not to be frivolous). For these reasons, Defendant's motions related to seeking documents and/or transcripts from the Court, when she has not already filed a Section 2255 motion, are denied.

**IT IS, THEREFORE, ORDERED** that the following motions are all **DENIED**: Expedited and Emergency Motion to Review Sentence and Correct Judgment, (Doc. No. 332); Expedited and Emergency Motion to Disclose Discovery and Record, (Doc. No. 334); Motion to Move this Court to Compel the Third Party Listed to Produce Documents, (Doc. No. 335); Motion and Relief for Default Order re Motion to Modify Sentence, (Doc. No. 338); Petition for in Camera Review of Grand Jury Proceedings, (Doc. No. 339); Motion for Discovery: Disclosure and Sealed Documents, (Doc. No. 342); and Motion to Vacate Pursuant to Rule 52(b), (Doc. No. 343).

Signed: April 8, 2020

Max O. Cogburn Jr.
United States District Judge