UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16-cr-39-MOC-WCM-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| DANIELLE DEVONA JONES, | ) | |
| Defendant. | ) | |

**THIS MATTER** comes before the Court on Defendant's pro se "Notice of Motion for Release on Recognizance Pending Appeal Pursuant to 18 U.S.C. § 3142 and 18 U.S.C. § 3143." (Doc. No. 349).

Defendant was convicted in this Court after a jury trial of robbery and aiding and abetting, under 18 U.S.C. §§ 1951(a) and 2, and discharging a firearm in furtherance of a crime of violence, under 18 U.S.C. § 924(c)(1)(A)(iii) and this Court sentenced her to 124 months of imprisonment on April 2, 2018. Currently incarcerated at FCI Danbury in Danbury, Connecticut, Defendant seeks to be released during the pendency of her appeal of this Court's denial of various post-conviction motions filed by Defendant. Defendant seeks to be released based on the following allegations: she is "confined in [] unsafe, inhumane and dangerous conditions"; the prison has "restricted [her] rights to the courts and litigation and also administrative remedies"; access to the prison library has been denied since March 2020; the prison conditions amount to cruel and unusual punishment, violating her Eighth Amendment rights; and her conviction is unlawful for various reasons. Defendant states that she also seeks release based on the Cares Act and the COVID-19 pandemic, stating that "Danbury Connecticut is the epicenter for the COVID 19 virus

here in Connecticut."

Defendant's motion is denied. First, to the extent that Defendant seeks release based on her conditions of confinement, she must raise this claim by filing a petition under 28 U.S.C. § 2241 in her district of confinement. Next, to the extent she contends that she was unlawfully convicted, she must raise this claim by filing a motion to vacate, set aside, or correct sentence in this Court under 28 U.S.C. § 2225.

Next, to the extent Defendant seeks compassionate release based on the COVID-19 pandemic, 18 U.S.C. § 3582(c)(1)(A)(i) authorizes criminal defendants to request compassionate release from imprisonment based on "extraordinary and compelling reasons." But before doing so, they must first ask the Bureau of Prisons to do so on their behalf and give the Bureau thirty days to respond. See United States v. Raia, No. 20-1033, 2020 WL 1647922, at *1 (3d Cir. Apr. 2, 2020). Here, Defendant has failed to assert or show that she provided the Bureau with thirty days to evaluate her compassionate release request before filing his motion in this Court. Because Defendant has not shown that she has exhausted available administrative remedies, the Court declines to modify Defendant's term of imprisonment at this time. Furthermore, the Court notes that the fact that Danbury Connecticut may be the epicenter COVID 19 virus in Connecticut, as Defendant alleges, is not an extraordinary and compelling reason to release Defendant from prison.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se "Notice of Motion for Release on Recognizance Pending Appeal Pursuant to 18 U.S.C. § 3142 and 18 U.S.C. § 3143," (Doc. No. 349), is **DENIED** without prejudice

Signed: May 28, 2020

Max O. Cogburn Jr
United States District Judge