# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:21-cv-00194-MOC
# (1:16-cr-00039-MOC-WCM-1)

| | |
|---|---|
| **DANIELLE DEVONA JONES,** | )<br>) |
| **Petitioner,** | )<br>) |
| vs. | ) **ORDER** |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Respondent.** | ) |

**THIS MATTER** is before the Court on Petitioner's "Opposition to Recharacterization," [CV Doc. 8], which the Court will construe as a motion for reconsideration.

On August 10, 2017, Petitioner Danielle Jones ("Petitioner") was found guilty by a jury of one count of aiding and abetting Hobbs Act robbery in violation of 18 U.S.C. §§ 1951(a) and 2 and one count of discharging a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii). [CR Doc. 229: Jury Verdict; CR Doc. 270: Judgment]. Judgment on Petitioner's conviction was entered on May 1, 2018. [CR Doc. 270]. Petitioner appealed her conviction, and, on February 28, 2019, the Fourth Circuit affirmed. United States v. Jones, 761 Fed. App'x 210 (4th Cir. 2019). Petitioner did not petition the Supreme Court for writ of certiorari.

On July 26, 2021, Petitioner filed a motion she characterized as one pursuant to 28 U.S.C. § 2241. [CV Doc. 1]. In this motion, Petitioner claimed prosecutorial misconduct related to the Indictment language and "[f]abricated search warrant in violation of federal rules of (authentic) evidence." [CV Doc. 1 at 2]. Petitioner stated that she filed the motion pursuant to Section 2241 and not 2255 because, "[i]n previous appeals to District Court [in her criminal proceedings] it was

stated that arguments would not be entertained due to the 2241 not being filed on these matters."[1] [Doc. 1 at 3]. Petitioner did not seek any specific relief, but rather asked the Court to "grant petitioner relief to which [she] may be entitled in this proceeding." [Id. at 4]. On initial review of Petitioner's motion, the Court noted that, while she purported to file the motion pursuant to Section 2241, this provision provided no relief to Petitioner. [Doc. 3]. The Court advised Petitioner that she should have filed the motion pursuant to Section 2255, and that the Court intended to characterize it as a Section 2255 Motion to Vacate. [Id. at 3]. Pursuant to United States v. Castro, 540 U.S. 375 (2003), the Court gave Petitioner notice and opportunity to state whether she intended to bring the action as one arising under Section 2255. [Id.].

The Court also noted on initial review that, if Petitioner intended to file the motion as a Section 2255 motion, it was untimely. [Id. at 4]. The Court, therefore, also gave Petitioner, under Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), the opportunity to explain why the action should not be dismissed as untimely or why equitable tolling should apply. [Id.].

The Court ordered that Plaintiff respond to the Court's Order, as outlined here, within 20 days. Plaintiff did not respond, and the Court received no indication that the Court's Order was not delivered. On October 28, 2021, after having received no response from Plaintiff, the Court dismissed this action without prejudice. [Doc. 4].

---

[1] The docket in Petitioner's criminal case, No. 1:16-cv-00039-MOC-WCM-1 ("CR") does not support this claim. In fact, after Petitioner lost her appeal, she filed an "Expedited and Emergency Motion for Relief Pursuant to 18 U.S.C. 3553 and 3742," [CR Doc. 332], to which the Court responded with a Castro Order given the nature of the relief sought by Petitioner. On February 25, 2020, the Court ordered that Petitioner must complete and file a Section 2255 Motion to Vacate within 20 days and provided the Petitioner with the proper form to do so. [CR Doc. 336]. Petitioner sought and the Court denied her motion for additional time to file a Section 2255 Motion to Vacate. [CR Docs. 337, 341]. Petitioner never filed a Section 2255 Motion to Vacate. Rather, she filed several other miscellaneous motions in her criminal case, all of which were denied, noting Petitioner's failure to file a Section 2255 Motion to Vacate. [CR Doc. 344 at 3; see CR Docs. 332, 334, 335, 338, 339, 342, and 343].

2

On December 20, 2021, Petitioner filed the instant, untimely opposition to the Court's characterization of her Section 2241 motion as a Section 2255 Motion to Vacate. [Doc. 8]. Petitioner claims that she never received the notice of the Court's intent to characterize her motion as one for relief under Section 2255 "due to transfer of institutions and failure of prison staff to deliver or forward legal mail." [Id.]. Petitioner also states she did not receive the Court's October 28, 2021 Order dismissing her case until December 9, 2021. [Id.]. Petitioner maintains that "the details within the 2241 makes clear of its intensions" "to petition the Warden at the holding Institution" and objects to its characterization as a Section 2255 Motion to Vacate. [Id. (errors uncorrected)].

The Court will construe the instant filing as a motion for reconsideration of the Court's Order dismissing this action. Giving Plaintiff the benefit of her claim that she never received the Court's Castro and Braxton Order, the Court will reopen this case to allow Petitioner 20 days to respond and to explain to the Court why this action, construed as one under Section 2255, should not be dismissed as untimely under the one-year statute of limitations under Section 2255(f)(1), or why equitable tolling of the statute of limitations should apply. See Braxton, 277 F.3d at 706; United States v. Blackstock, 513 F.3d 128, 133 (4th Cir. 2008) (remanding to district court pursuant to Hill for determination of timeliness of § 2255 Motion).

**IT IS, THEREFORE, ORDERED** that:

(1) The Clerk is instructed to reopen this case.

(2) Petitioner's motion to reconsider [Doc. 8] is **GRANTED** insofar as Petitioner may explain why her Section 2255 Motion to Vacate should not be dismissed as untimely.

(3) Petitioner shall, within 20 days this Order, explain why this action should not be

dismissed as untimely under 28 U.S.C. § 2255(f)(1), or why equitable tolling should

apply in accordance with the terms of this Order.

Signed: January 24, 2022

Max O. Cogburn Jr.
United States District Judge